# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Richard Allen Smuda, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Leann Bertsch, Director, North Dakota | ) |
| Department of Corrections and | )   Case No. 3:16-cv-335 |
| Rehabilitation, in her official capacity; | ) |
| Dr. Rosalie Etherington, Superintendent of | )   **REPORT AND RECOMMENDATION** |
| the North Dakota State Hospital, in her | ) |
| official capacity; Jonathan Byers, | ) |
| [Assistant] Attorney General, in his | ) |
| official capacity; Steven Larson, BA Human | ) |
| Relations Counselor, State Penitentiary, in | ) |
| his official capacity; and Christopher D. | ) |
| Jones, Executive Director, North Dakota | ) |
| Department of Human Services, in his | ) |
| official capacity, | ) |
| | ) |
| Defendants. | ) |

After plaintiff Richard Allen Smuda filed several motions requesting to add and dismiss various defendants, (see Doc. #5; Doc. #16; Doc. #18), and after the court granted those motions, (see Doc. #11; Doc. #23; Doc. #52), the defendants were identified as Alex Schweitzer, Jonathan Byers, Steven Larson, Carol Olson, and Elaine Little, all in their official capacities. Since three of those defendants—Alex Schweitzer, Carol Olson, and Elaine Little—no longer serve in those capacities, the court ordered that their successors—Rosalie Etherington, Christopher D. Jones, and Leann Bertsch—be substituted as defendants pursuant to Federal Rule of Civil Procedure 25(d).[1] (Doc. #59).

---

[1] Alex Schweitzer is the former Superintendent of the North Dakota State Hospital (NDSH), and Rosalie Etherington is his successor. Carol Olson is a former Executive Director of the North Dakota Department of Human Service (DHS), and

Prior to the court's March 28, 2017 order substituting the public officers' successors, defendants filed two motions to dismiss because of insufficient service of process, (Doc. #33; Doc. #40), and Smuda filed two motions for default judgment, contending that defendants failed to answer the complaint, (Doc. #43; Doc. #45). In the March 28, 2017 order, the court directed the Clerk to serve the complaint and other documents on defendants.[2] (Doc. #59). On April 6, 2017, defendants filed an acknowledgment of service, stating that they were properly served on March 30, 2017. (Doc. #61). Consequently, their answer or other proper response is not yet due.

Accordingly, it is **RECOMMENDED** that:

1.  Defendants' motions to dismiss for insufficient service of process, (Doc. #33; Doc. #40), be **DENIED**;

2.  Smuda's motions for default judgment, (Doc. #43; Doc. #45), be **DENIED**; and

3.  Smuda's motion to rule on the aforementioned pending motions be **GRANTED**.

Dated this 14th day of April, 2017.

                                          */s/ Alice R. Senechal*
                                          Alice R. Senechal
                                          United States Magistrate Judge

---

Christopher D. Jones is the current Executive Director. Elaine Little is the former Director of the North Dakota Department of Corrections and Rehabilitation (DOCR), and Leann Bertsch is her successor.

[2] It was undisputed that Smuda had attempted to obtain service on the defendants, and defendants noted that Smuda's mailings had caused confusion. (See Doc. #29, p. 2). Additionally, Smuda is a confined individual, and he indicated that dismissal of this case for insufficient service of process would likely lead to initiation of another case involving the same factual allegations. (See Doc.#37).

## NOTICE OF RIGHT TO OBJECT[3]

Any party may object to this Report and Recommendation by filing with the Clerk of Court no later than **April 28, 2017**, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. No responses to objections are permitted. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.

---

[3] See Fed. R. Civ. P. 72(b); D.N.D. Civ. L.R. 72.1.