# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Richard Allen Smuda, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:16-cv-335 |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION**[1] |
| ) | **ON MOTION FOR** |
| Leann Bertsch, Director, North Dakota ) | **JUDGMENT ON THE PLEADINGS** |
| Department of Corrections and ) | **AND MOTION TO STRIKE** |
| Rehabilitation, in her official capacity; ) | |
| Dr. Rosalie Etherington, Superintendent ) | |
| of the North Dakota State Hospital, in her ) | |
| official capacity; Jonathon Byers, State's ) | |
| Attorney General in his official capacity; ) | |
| Steven Larson, BA Human Relations ) | |
| Counselor State Penitentiary in his official ) | |
| capacity; and Christopher D. Jones, ) | |
| Executive Director, North Dakota ) | |
| Department of Human Services, in his ) | |
| official capacity, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Richard Allen Smuda filed a complaint challenging his commitment as a sexually dangerous individual. He requests that he be released from his civil commitment, that all charges billed to him for his treatment at the North Dakota State Hospital be reversed, and that he receive monetary damages. (Doc. #1; Doc. #1-1; Doc. #1-3). Smuda also filed a motion to strike a paragraph of his complaint. (Doc. #73).

Defendants have moved for judgment on the pleadings, asserting that Smuda's claims for monetary damages are barred by the Eleventh Amendment and that Smuda

---

[1] A pending Report and Recommendation recommends that defendants' motions to dismiss for insufficient service of process, (Doc. #33; Doc. #40), be denied, that Smuda's motions for default judgment, (Doc. #43; Doc. #45), be denied, and that Smuda's motion to rule on the aforementioned motions, (Doc. #51), be granted. (See Doc. #63).

cannot obtain release from his commitment through this action. (Doc. #70). Smuda has not responded to defendants' motion, and the time to do so has expired. Under Civil Local Rule 7.1(F), a party's failure to respond to a motion within the time allowed can be deemed an admission that the motion is well taken. Since Smuda has not timely responded to defendants' motion, the motion could be granted for that reason alone. The court will nevertheless consider the merits of the motion.

## Standard of Review

In deciding a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), the court must accept as true the facts alleged by the non-moving party and construe all reasonable inferences in that party's favor. Haney v. Portfolio Recovery Assocs., L.L.C., 837 F.3d 918, 924 (8th Cir. 2016). Viewing the complaint in Smuda's favor as the non-moving party, the court must determine whether the complaint contains sufficient factual matter to "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When the factual content of a complaint allows the court to reasonably infer that a defendant is liable for the alleged misconduct, the complaint has stated a facially plausible claim. Iqbal, 556 U.S. at 678. In other words, the complaint must "possess enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

## Discussion

Smuda's complaint largely discusses the circumstances surrounding the state court decision ordering his civil commitment and requests release from that commitment. He contends that his civil commitment is unlawful because, in the state

court proceeding, (1) the state withheld evidence and used false and misleading evidence, (2) his juvenile records contained errors or were not his, (3) his risk assessment tests were altered or miscalculated, (4) doctors who assessed him lacked credibility, (5) he received ineffective assistance of counsel, and (6) the state did not prove that he met the definition of a sexually dangerous individual. (Doc. #1, p. 1; Doc. #1-1, pp. 7-17; Doc. #1-3, pp. 1-2). But, Smuda's request for release could be brought only in a habeas action. See Franklin v. Webb, 653 F.2d 362, 363 (8th Cir. 1981) (citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)) (stating that habeas corpus provides prisoners the exclusive federal remedy for challenges to the fact or duration of their confinement); see also Carter v. Bickhaus, 142 F. App'x 937, 938 (8th Cir. 2005) (per curiam unpublished opinion) (applying the same rule in the context of a civilly committed individual seeking release in a 42 U.S.C. § 1983 action). Since the relief he seeks cannot be granted in this action, Smuda's claims requesting release should be dismissed.

Smuda also seeks monetary damages—including reversal of charges billed to him for his treatment as a sexually dangerous individual—against the defendants in their official capacities. All of the defendants are state employees. A suit against state employees in their official capacities is considered to be a suit against the state. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Under the Eleventh Amendment, a state is immune from suits for monetary damages in federal courts absent a waiver of its sovereign immunity. Id. at 66. The State of North Dakota has not waived its Eleventh Amendment immunity. See N.D. Cent. Code § 32-12.2-10. Smuda is therefore barred from recovering monetary damages against the defendants in their official capacities

under the doctrine of sovereign immunity, and his claims seeking monetary damages should be dismissed.

## Conclusion

Smuda cannot obtain release from his civil commitment in this action, and his claims for monetary damages are barred by the Eleventh Amendment. Since Smuda has failed to state a claim which would entitle him to relief, it is **RECOMMENDED** that the defendants' motion for judgment on the pleadings be **GRANTED**, that Smuda's motion to strike be found **MOOT**, and that Smuda's complaint be **DISMISSED** without prejudice.

Smuda recently mailed various documents to the Clerk, which were not filed at this court's direction. The undersigned has thoroughly reviewed those documents, and none impact this court's recommendation. None are appropriately filed at this stage of the case.[2] The Clerk is therefore directed to return those documents to Smuda after the district judge acts on this Report and Recommendation.

Dated this 31st day of May, 2017.

                         */s/ Alice R. Senechal*
                         Alice R. Senechal
                         United States Magistrate Judge

---

[2] The documents include correspondence with attorneys and courts, exhibits related to Smuda's civil commitment proceedings, correspondence with the North Dakota Department of Corrections and Rehabilitation and the North Dakota State Hospital, doctors' evaluations of Smuda, an affidavit of Smuda's mother, Smuda's description of evidence and additional information related to his claims, an additional request for monetary damages, news articles, billing records, an internet printout, expert witness disclosures, a request to subpoena doctors, a request for exhibit stickers, and the state court docket related to Smuda's civil commitment.

## NOTICE OF RIGHT TO OBJECT[3]

Any party may object to this Report and Recommendation by filing with the Clerk of Court no later than **June 16, 2017**, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.

---

[3] See Fed. R. Civ. P. 72(b); D.N.D. Civ. L.R. 72.1.